IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Tyrone Perry,                                  )
                                                    )
                          Petitioner,       )
                                                    )        Civil Action No. 1:25-cv-4002-BHH
v.                                                 )
                                                    )               **ORDER**
Warden Steve Duncan,            )
                                                    )
                          Respondent.       )
_____ )

     This matter is before the Court upon Petitioner Tyrone Perry's ("Petitioner" or "Perry") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against Warden Steve Duncan ("Respondent"). Petitioner, who is a state prisoner, challenges an October 2024 disciplinary conviction and sentence, alleging that he was denied due process and equal protection. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

     On June 9, 2025, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss the petition without further leave for amendment and without requiring Respondent to file a return. (ECF No. 19.) In the Report, the Magistrate Judge found that Petitioner is not entitled to habeas corpus relief based on his disciplinary conviction because he does not allege that the disciplinary proceedings prolonged or otherwise effected the duration of his sentence to allege a constitutional violation cognizable under § 2254. (*Id.* at 4-5.) Additionally, the Magistrate Judge explained that, to the extent Petitioner's claim should be construed as a complaint under 42 U.S.C. § 1983, his request that the Court "overturn and

vacate" the disciplinary conviction is not an available remedy under § 1983. (*Id.* at 5.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On June 20, 2025, Plaintiff filed objections to the Report. (ECF No. 21.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In his objections, Petitioner merely rehashes his claims and asserts that Respondent violated his due process and equal protection rights in connection with a disciplinary proceeding. (ECF No. 21 at 1-2.) Importantly, however, nowhere does Petitioner explain how he is entitled to habeas corpus relief under § 2254 based on his allegations. As the Magistrate Judge explained, although Petitioner asserts that the disciplinary proceeding violated his rights to due process and equal protection, he does not allege that the disciplinary proceeding impacted or prolonged the duration of his sentence or resulted in

2

the loss of any good time credit.  *See*, *e.g.*, *Slappy v. Bazzle*, No. 0:05-14-DCN, 2005 WL 6139235, at *2 (D.S.C. Nov. 21, 2005) (providing that, "even assuming Petitioner could set aside the alleged discriminatory disciplinary action complained about, it would have no effect on the duration of his sentence because he did not lose any good time credits as a result of the disciplinary action imposed) (citation omitted).  Thus, the Court agrees with the Magistrate Judge that Petitioner has not alleged any facts entitling him to habeas corpus relief.  Furthermore, the Court agrees with the Magistrate Judge that the petition should not be reclassified as a complaint under § 1983 because the relief that Petitioner seeks is not available under § 1983.  In all, therefore, the Court finds Petitioner's objections unavailing.

**Based on the foregoing, the Court overrules Petitioner's objections (ECF No. 21); the Court adopts the Magistrate Judge's Report (ECF No. 19); and the Court dismisses the petition without leave for further amendment and without requiring Respondent to file a return.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 28, 2026
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.